UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Rosenberg | Hao Ni |

**Proceedings:**    DEFENDANT SHENZHEN'S MOTION TO DISMISS PLAINTIFF ALVANTOR INDUSTRY'S COMPLAINT FOR FAILURE TO STATE A CLAIM (Dkt. 22, filed on August 30, 2021)

## I. INTRODUCTION

On February 26, 2021, plaintiff Alvantor Industry Co., LTD., ("Alvantor"), a distributor of online products based in South El Monte, California, filed this action against defendant Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si, ("Shenzhen"), a corporation with its principal place of business in Guangdong Province, China. See Dkt. 1 ("Compl."). Plaintiff's claims arise under the Copyright Act of 1976, 17 U.S.C. §501, the Lanham Act, 15 U.S.C. § 1225(a), and California common law. Compl. ¶ 1.

On July 23, 2021, defendant Shenzhen filed this motion to dismiss plaintiff's copyright and unfair competition claims. See dkt. 22 ("Mot. to Dismiss"). On August 9, 2021, plaintiff Alvantor filed a memorandum of points and authorities in opposition to defendant's motion to dismiss. See dkt. 27 ("Opp.").

The Court held a hearing on Shenzhen's motion to dismiss on August 30, 2021. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Alvantor is an online distributor of items including a BUBBLE TENT line of portable gazebos. Compl. ¶ 7–8. Alvantor uses the BUBBLE TENT trademark pursuant to an exclusive license from Lun Xu, the president of Alvantor, and it possess the rights to enforce the trademark. Id. ¶ 9. On or about November 2019, Alvantor began selling its BUBBLE TENT portable gazebos in interstate commerce through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

multiple means including Amazon.com's Amazon Marketplace ("Amazon") and has since sold over 11,000 BUBBLE TENT gazebos. Id. ¶¶ 10, 13.

Alvantor's advertisements for BUBBLE TENT products on Amazon contain a lengthy and detailed description of the product ("Notice and Description"), first published in November 2017, which became subject to Copyright Registration No. TX-8-938-135 on February 25, 2021. Id. ¶ 17. Alvantor uses the Notice and Description pursuant to an exclusive license from Lun Xu and has the right to enforce the copyright. Id. ¶ 18.

Alvantor alleges that defendant Shenzhen, without Alvantor's authorization, began using the BUBBLE TENT mark in connection with its sale of portable gazebos on Amazon. Id. ¶ 19. Additionally, Alvantor alleges that Shenzhen, without authorization, uses a product description on its Amazon site for its portable gazebo product that is substantially similar, and in some areas nearly identical to, Alvantor's Notice and Description. Id. ¶ 21.

First, based on these facts, Alvantor alleges that Shenzhen infringed the copyright of its Notice and Description by using a description on Shenzhen's listing page that was copied or otherwise derived from the description portion of Alvantor's Notice and Description of its BUBBLE TENT product. Id. ¶ 23. A copy of the alleged infringing description is attached as Exhibit 4 to the complaint. See dkt. 1–4, Exhibit 4 ("Ex. 4"). Second, Alvantor alleges a claim for trademark infringement, arguing that Shenzhen infringed the BUBBLE TENT mark with the express intent to cause confusion and to deceive the purchasing public. Compl. ¶¶ 28–31. Third, Alvantor alleges Shenzhen's infringement of the BUBBLE TENT mark violates California unfair competition common law. Id. ¶ 38.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

## IV.  DISCUSSION

### A.  Sufficiency of Plaintiff's Claim for Copyright Infringement

Defendant moves to dismiss plaintiff's copyright infringement claim brought under 17 U.S.C. § 501. To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 449 U.S. 340, 361 (1991).

The first element, ownership, "breaks down into the following constituent parts": (a) originality in the author; (b) copyrightability of the subject matter; (c) a national point of attachment of the work, such as to permit a claim of copyright; and (d) compliance with applicable statutory formalities. Minx Int'l Inc. v. Club House Creations Inc., No. 15-CV-05645-CAS (PLAx), 2016 WL 878479, *3 (C.D. Cal. Mar. 7, 2016) (quoting 4-13 Nimmer on Copyright § 13.01 (2015)). A valid "copyright registration certificate constitutes *prima facie* evidence" of ownership. Feist, 499 U.S. at 361.

The second element of a copyright infringement claim, copying of constituent elements, may be established (a) with direct evidence that the defendant actually copied the work or (b) by showing that the defendant (i) had access to the work and (ii) that the works are "substantially similar." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).

In the Ninth Circuit, substantial similarity is determined by "a two-part test of extrinsic similarity and intrinsic similarity." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). "[T]he extrinsic test requires that the plaintiff identify concrete elements based on objective criteria" that the works are similar. Id. First, the Court (1) identifies the *protected* elements of the plaintiff's work, and then the Court (2) determines whether the *protected* elements are objectively similar to the corresponding elements of the allegedly infringing work. See Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952–53 (9th Cir. 2019).

"Once the extrinsic test is satisfied, the factfinder applies the intrinsic test . . . and asks 'whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar.'" Id. (quoting Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted)). "At the pleading stage,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

however, "the Court considers only the extrinsic test." Malibu Textiles, Inc., 922 F.3d at 952.

    Here, plaintiff argues that defendant has infringed the copyright of its Notice and Description of its BUBBLE TENT product when defendant displayed a description of its own portable gazebo product on Amazon that was allegedly copied from plaintiff's Notice and Description. Compl. at 5. Defendant does not contest that Alvantor's valid copyright registration certificate of the Notice and Description is "prima facie evidence" of ownership. See dkt.1–3 ("Ex. 3"). Nor does defendant contest that it had access to plaintiff's Notice and Description, as the description was publicly available on Amazon. Compl. Accordingly, neither the first element of ownership nor whether defendant "had access to the work" under the second element are at issue here. L.A. Printex Industries, Inc., 676 F.3d at 84.

    Rather, in its motion to dismiss defendant argues that plaintiff's copyright infringement claim should be dismissed under the substantial similarity prong of the second element because Alvantor "has failed to show any copying under [] the [] extrinsic test." Mot. to Dismiss at 4. Defendant presents a chart noting the similarities and differences between plaintiff's Amazon listing description, Ex. 3, and defendant's Amazon listing description, Ex. 4. Id. Shenzhen claims there are "only four actual instances where the same words or phrases appear" between the two listings. Id. Shenzhen emphasizes that these four instances are only "short words or phrases" which are unprotectable expression under copyright law. Id.

    Plaintiff counters that under the second element of copyright infringement, it can show "direct copying of its product description" because "[d]efendant has copied large portions of Alvantor's product description, either literally or by making trivial word changes that do not alter the essential meaning of Alvantor's description." Opp. at 9. In the alternative, plaintiff argues it can show "circumstantial evidence of copying" and that the descriptions are "substantially similar" under the extrinsic test. Id.

    Whether plaintiff has adequately pled substantial similarities in its copyright claim depends on whether the similarities between the descriptions that Alvantor alleges are protectable expression. Indeed, "because only substantial similarities in *protectable expression* may constitute actionable copying that results in infringement, 'it is essential to distinguish between the protected and unprotected material in a plaintiff's work.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

Skidmore v. Led Zeppelin, 925 F.3d 1051, 1064 (9th Cir. 2020) (quoting Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004)) (emphasis added). Certain elements such as "elements found in nature" are not individually protected; however, "'original selection, coordination, and arrangement' of unprotectable elements, may be protectable expression." Malibu Textiles, Inc. 922 F.3d at 952 (citing L.A. Printex Industries, Inc., 676 F.3d at 841).

Defendant's allegation that there are only four instances in which the same words or phrases appear when comparing Alvantor's and Shenzhen's descriptions is unsubstantiated. In its opposition to defendant's motion to dismiss, Alvantor emphasizes the similarities between defendant's product description and its own product description. For example, such nearly identical phrases between the two descriptions include: "winter screen house;" "do not assemble or disassemble . . . in freezing temperatures if [the plastic bag/plastic] [becomes/seems] brittle;" "best transparent room to enjoy garden, backyard . . . [party/parties], afternoon tea, picnic[s] or meeting[s];" "fiberglass [rods/ribs] pop up in [60/a] second[s]." Opp. at 10; see also Ex. 3–4. Additionally, while other aspects of the two descriptions are not identical, they describe the same general explanation of the products. Id.

As such, plaintiff has pled "substantial similarities" between the two descriptions. The next issue, which defendant contests, is whether the similarities are protectable forms of expression. While "copyright law does not protect names, titles or short phrases or expressions," in its complaint Alvantor has alleged more than just the copying of "short phrases or expressions." Oracle Am., Inc. v. Google Inc., 872 F. Supp. 2d 974, 984 (N.D. Cal. 2012), rev'd and remanded, 750 F.3d 1339 (Fed. Cir. 2014) (citing 37 C.F.R. 202 1(a)); see also Compl. at 5. Alvantor lists sentences and parts of paragraphs in Shenzhen's description that are identical or substantially similar to Alvantor's Notice and Description. See Compl. at 5. Therefore, Alvantor has sufficiently pled facts to show that the substantial similarities relate to a protectable interest in its Notice and Description, and it has adequately stated a claim for copyright infringement.

Accordingly, Shenzhen's motion to dismiss Alvantor's copyright infringement claim for failure to state a claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

**B. Sufficiency of Plaintiff's Claims for Trademark Infringement and Unfair Competition**

Defendant moves to dismiss plaintiff's claims for trademark infringement and for unfair competition under 15 U.S.C. § 1114, 1125(a) ("Lanham Act") and under California common law. As an initial matter, the Court notes that when trademark and unfair competition claims are based on the same infringing conduct, courts apply the same analysis. 15 U.S.C. §§ 1114, 1125(a); see also Ingrid & Isabel, LLC v. Baby Be Mine, LLC, 70 F. Supp. 3d 1105, 1134 (N.D. Cal. 2014) ("The Ninth Circuit 'has consistently held that state common law claims of unfair competition . . . are 'substantially congruent' to claims made under the Lanham Act.'" (quoting Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir.1994)). Therefore, Alvantor's common law unfair competition claim and trademark infringement claim under the Lanham Act can be analyzed simultaneously.

To state a claim for trademark infringement, a plaintiff must allege: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp. v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012).

The first element of a trademark infringement claim is plaintiff's ownership of the mark. A threshold issue to showing ownership is proof of a valid trademark. Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002) ("A necessary concomitant to proving infringement is, of course, having a valid trademark; there can be no infringement of an invalid mark."). A registered mark is prima facie evidence of validity. Id. If a plaintiff does not have a registered mark, courts can examine the classification of the mark "along a spectrum of five categories ranging from strongest to weakest: arbitrary, fanciful, suggestive, descriptive, and generic." JL Beverage Company, LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1107 (9th Cir. 2016). On the stronger protection side of the spectrum, "[a]rbitrary and fanciful marks, which employ words and phrases with no commonly understood connection to the product . . . 'trigger the highest degree of trademark protection.'" Id. (citing Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d. 625, 631 (9th Cir. 2005)). Suggestive marks, which fall in the middle, are marks which "suggest a product's features and require consumers to exercise some imagination to associate the suggestive mark with the product." Id. (citing Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1033 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

On the weaker protection side of the spectrum, descriptive marks "define a particular characteristic of the product in a way that does not require any imagination," while generic marks "describe the product in its entirety and are not entitled to trademark protection." Id. (citing Surfvivor, 406 F.3d at 632). If a trademark is descriptive, it must be "inherently distinctive" or have "acquired secondary meaning" to be considered a valid trademark. Glow Indus., Inc. v. Lopez, 252 F. Supp. 962, 977 (C.D. Cal. 2002). "In determining whether a mark has obtained secondary meaning, courts consider: (1) whether actual purchasers of the product bearing the mark associate the mark with the producer; (2) the degree and manner of advertising under the mark; (3) the length and manner of use of the mark; and (4) whether use of the mark has been exclusive." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 991 (9th Cir. 2006).

For the third element, whether the use of the mark is likely to cause confusion, the Ninth Circuit uses the eight-factor Sleekcraft test. The eight factors are as follows: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Dr. Seuss Enterprises v. Penguin Books USA, Inc., 109 F.3d 1394, 1404 (9th Cir. 1997) (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979)).

Here, plaintiff alleges in its complaint that Shenzhen has engaged in unfair competition and infringed on its trademark in violation of the Lanham Act and California common law by using plaintiff's BUBBLE TENT mark with "the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Alvantor and to improperly appropriate Alvantor's valuable trademark rights." Compl. ¶ 31.

In its motion to dismiss, defendant argues that plaintiff's trademark infringement and unfair competition claims should be dismissed because plaintiff has failed to show it possesses ownership rights in the phrase BUBBLE TENT. Mot. to Dismiss at 6. First, defendant argues that the phrase BUBBLE TENT is descriptive because the products at issue are "clear plastic tents, shaped like a bubble." Id. at 8. As such, defendant contends plaintiff is only entitled to relief if plaintiff can show the phrase has acquired secondary meaning or is inherently distinctive. Id. at 7; see Glow Indus., 252 F. Supp. at 977. Next, defendant claims that plaintiff cannot show secondary meaning because plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

length of use of BUBBLE TENT is only from November 2019 to February 2021, which is short of the five years required under 15 U.S.C.S. § 1052(f) to be "prima facie evidence that the mark has become distinctive." Mot. to Dismiss at 8. Finally, defendant argues that plaintiff's limited sales volume also shows the phrase has not acquired secondary meaning. Id. at 9.

Plaintiff responds that it has alleged a proper claim for trademark infringement and unfair competition as the BUBBLE TENT mark is used in a suggestive rather than descriptive manner. Opp. at 15. Plaintiff claims that BUBBLE TENT is not descriptive because it does not describe the characteristics of its product shape (which plaintiff argues is gumdrop shaped rather than bubble shaped) and is instead "intended to suggest an outdoor structure that provides users with a sense of isolation." Opp. at 15. Further, plaintiff counters that it could establish BUBBLE TENT has developed secondary meaning if necessary. Id. at 16.

Defendant's first argument, that BUBBLE TENT is descriptive and therefore plaintiff cannot show ownership in the mark, raises a question of fact, and thus is not an appropriate issue to be decided on a motion to dismiss. In the Ninth Circuit, whether a trademark is descriptive or suggestive is a question of fact. See Zobmondo Entertainment, LLC v. Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010) ("Which category a mark belongs in is a question of fact."); Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 840 (9th Cir. 2001) ("Whether a mark is generic is a question of fact."). Accordingly, Alvantor has satisfied its burden of pleading the element of ownership by pleading facts sufficient to show it has an ownership interest in BUBBLE TENT. Compl. ¶¶ 13–14. For example, in its complaint plaintiff alleges that "since November 2019, Alvantor has sold over 11,000 BUBBLE TENT portable gazebos, generating millions of dollars in sales" and as a result of the sales "goods offered and sold under the mark are recognized by consumers." Id.

Moreover, defendant's next argument, that plaintiff cannot show secondary meaning in the BUBBLE TENT mark because of the length of time its product has been in commerce and based on its sale volume, is again an issue of fact not appropriate to be decided on a motion to dismiss. "[T]he question of secondary meaning is one of fact." Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 930 (9th Cir. 2005) (quoting Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1355 (9th Cir. 1985) (en banc)). Defendant incorrectly asserts that a trademark cannot develop meaning unless it has been in commerce for at least two years. See Mot. to Dismiss. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-01820-CAS(KSx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | ALVANTOR INDSUTRY v. SHENZHEN | | |

the length of time a mark has been in commerce sufficient to develop secondary meaning is part of a factual inquiry and cannot be established as a matter of law. See Cont'l Lab. Prods., Inc. v. Medax Int'l, Inc., 114 F. Supp. 2d 992, 1004 (S.D. Cal. 2000) ("Length of time 'is merely one additional piece of evidence to be weighed with all others in determining the existence of secondary meaning.'") (quoting 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 15:53, at 15-77 (4th ed. 2000)). By alleging generally that the mark has been used since 2019 and consumers associate the mark with Alvantor's product, plaintiff has sufficiently pled secondary meaning in its complaint. See Dean v. Cortes, No. 218CV02335CASJPRX, 2018 WL 3425016, at *6 (C.D. Cal. July 12, 2018) ("Moreover, courts have determined that secondary meaning need only be pled generally for purposes of defeating a motion to dismiss."). As such, plaintiff has sufficiently alleged the elements of a claim for trademark infringement, and any issues regarding the length of time BUBBLE TENT has been in commerce or Alvantor's sales volume are questions of fact, not appropriately decided on a motion to dismiss.

Accordingly, Shenzhen's motion to dismiss Alvantor's trademark infringement claim and unfair competition claim for failure to state a claim is **DENIED**.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Shenzhen's motion to dismiss for failure to state a claim.

IT IS SO ORDERED.

|  | 00 | 03 |
|---|---|---|
| Initials of Preparer | CMJ | |