UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Rosenberg | Not Present |

**Proceedings:**     MOTION FOR DEFAULT JUDGMENT (Dkt. 33, filed on March 29, 2022)

## I. INTRODUCTION

On February 26, 2021, plaintiff Alvantor Industry Co., LTD., ("Alvantor") filed this action against defendant Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si, ("Shenzhen"). See Dkt. 1 ("Compl."). Alvantor is a distributor of online products based in South El Monte, California, and Shenzhen is a corporation with its principal place of business in Guangdong Province, China. See id. Alvantor's claims arise under the Copyright Act of 1976, 17 U.S.C. §501, the Lanham Act, 15 U.S.C. § 1225(a), and California common law. Compl. ¶ 1.

On July 23, 2021, defendant filed a motion to dismiss Alvantor's copyright, trademark, and unfair competition claims. See dkt. 22. On August 9, 2021, Alvantor filed an opposition. See dkt. 27 ("Opp."). On August 31, 2021, the Court denied defendant's motion to dismiss. Dkt. 29. After the Court's denial of its motion, defendant has not responded to Alvantor's complaint. Defendant's answer was due September 14, 2021, fourteen days after the Court denied its motion to dismiss, but defendant has not yet answered the complaint or sought an extension.

On September 21, 2022, Alvantor requested that the Clerk of Court enter default against defendant for its claim of copyright infringement pursuant to Fed. R. Civ. P. 55(a). Dkt. 30. On September 22, 2021, the Clerk entered default. Dkt. 31.

On March 10, 2022, the Court issued an order to show cause, ordering that plaintiff show cause no later than March 31, 2022, as to why this action should not be dismissed for lack of prosecution as to defendant. Dkt. 32 ("OSC"). The Court noted that it will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

consider "plaintiff's filing of a motion for entry of default judgment on defendant" as a satisfactory response to the order to show cause. Id.

On March 29, 2022, Alvantor filed a motion for default judgment. Dkt. 33 ("Mot. for Def. Judg."). On April 20, 2022, Steven Ritcheson and Hao Ni, attorneys for defendant, filed motions to withdraw. Dkts. 35-36.

On May 2, 2022, the Court held a hearing. Counsel for defendant did not appear. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff Alvantor is an online distributor of items including a BUBBLE TENT line of portable gazebos. Compl. ¶ 7–8. Alvantor uses the BUBBLE TENT trademark pursuant to an exclusive license from Lun Xu, the president of Alvantor, and it possesses the rights to enforce the trademark. Id. ¶ 9. On or about November 2019, Alvantor began selling its BUBBLE TENT portable gazebos in interstate commerce through multiple means including Amazon.com's Amazon Marketplace ("Amazon"), and has since sold over 11,000 BUBBLE TENT gazebos. Id. ¶¶ 10, 13.

Alvantor's advertisements for BUBBLE TENT products on Amazon contain a lengthy and detailed description of the product ("Notice and Description"), first published in November 2017, which became subject to Copyright Registration No. TX-8-938-135 on February 25, 2021. Id. ¶ 17. Alvantor uses the Notice and Description pursuant to an exclusive license from Lun Xu and has the right to enforce the copyright. Id. ¶ 18.

Alvantor alleges that defendant, without Alvantor's authorization, began selling portable gazebos on Amazon using the BUBBLE TENT name. Defendant's portable gazebos are sold alongside genuine Alvantor BUBBLE TENT portable gazebos at similar price points and targeted to the same types of consumers. In connection with selling its portable gazebos, defendant used a product description on its Amazon listing for its product that is substantially similar, and in some areas nearly identical to, Alvantor's Notice and Description. Id. ¶ 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

### III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Granting or denying a motion for default judgment is a matter within the court's discretion.  Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2."  Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018).  Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

[Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018).

Here, Alvantor has satisfied the procedural requirements for an entry of default judgment. The Clerk of the Court entered a default against defendant on September 22, 2021, based on defendant's failure to answer the complaint. Further, Alvantor has submitted a declaration attesting that: (ii) defendant is not an infant or an incompetent person; (iii) defendant is not in active military service; and (iv) Alvantor served defendant with notice of this motion prior to filing it. Dkt. 33-3 Ex. D ("Rosenberg Decl.") ¶¶ 8-12.

Accordingly, Alvantor has satisfied the procedural requirements for entry of default judgment under the Federal and Local Rules, and the Court proceeds to the merits of its motion.

### B. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Here, Alvantor will "suffer prejudice if default judgment is not entered because [it] 'would be denied the right to judicial resolution of the claims presented, and would be without other recourse for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

recovery.'" Chanel, Inc. v. Stephens, 2018 WL 4802077 at *2 (C.D. Cal. 2018) (quoting Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

Accordingly, the first Eitel factor weighs in favor of entering default judgment for Alvantor.

        2.        Sufficiency of the Complaint and Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

To state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 449 U.S. 340, 361 (1991).

The first element, ownership, "breaks down into the following constituent parts": (a) originality in the author; (b) copyrightability of the subject matter; (c) a national point of attachment of the work, such as to permit a claim of copyright; and (d) compliance with applicable statutory formalities. Minx Int'l Inc. v. Club House Creations Inc., No. 15-CV-05645-CAS (PLAx), 2016 WL 878479, *3 (C.D. Cal. Mar. 7, 2016) (quoting 4-13 Nimmer on Copyright § 13.01 (2015)).

The second element of a copyright infringement claim, copying of constituent elements, may be established (a) with direct evidence that the defendant actually copied the work or (b) by showing that the defendant (i) had access to the work and (ii) that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

works are "substantially similar." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).

In the Ninth Circuit, substantial similarity is determined by "a two-part test of extrinsic similarity and intrinsic similarity." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). "[T]he extrinsic test requires that the plaintiff identify concrete elements based on objective criteria" that the works are similar. Id. First, the Court (1) identifies the *protected* elements of the plaintiff's work, and then the Court (2) determines whether the *protected* elements are objectively similar to the corresponding elements of the allegedly infringing work. See Malibu Textiles. Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952–53 (9th Cir. 2019).

"Once the extrinsic test is satisfied, the factfinder applies the intrinsic test . . . and asks 'whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar.'" Id. (quoting Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted)).

Here, Alvantor alleges in its complaint that defendant has infringed the copyright of its Notice and Description of its BUBBLE TENT product when defendant displayed a description of its own portable gazebo product on Amazon that was copied from plaintiff's Notice and Description. Compl. at 5. Alvantor has satisfied the first element of a copyright infringement claim because it has a valid copyright registration certificate. Dkt. 1-3 ("Ex. 3"). A valid "copyright registration certificate constitutes *prima facie* evidence" of ownership. Feist, 499 U.S. at 361. "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). As the copyright on the Description and Notice was registered within five years of the first publication of the Description and Notice, the registration is proof of the validity of the copyright. Compl. ¶¶ 16-17. Copyright Registration No. TX-8-938-135, dated February 25, 2021.

For the second element of copyright infringement, Alvantor alleges that defendant directly copied its copyrighted product description. Further, Alvantor claims that it has alleged circumstantial evidence of copying, because defendant had access to Alvantor's product description—which was publicly posted on Amazon—and there are substantial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

similarities between plaintiff's and defendant's Amazon listing descriptions. As the Court stated in its order denying defendant's motion to dismiss, the Court finds Alvantor has alleged facts sufficient to show circumstantial evidence of copying. In its previous order, the Court noted the similarities between the two descriptions:

> For example, such nearly identical phrases between the two descriptions include: "winter screen house;" "do not assemble or disassemble . . . in freezing temperatures if [the plastic bag/plastic] [becomes/seems] brittle;" "best transparent room to enjoy garden, backyard . . . [party/parties], afternoon tea, picnic[s] or meeting[s];" "fiberglass [rods/ribs] pop up in [60/a] second[s]." Opp. at 10; see also Ex. 3–4. Additionally, while other aspects of the two descriptions are not identical, they describe the same general explanation of the products. Id.

Dkt. 29.

Therefore, the Court finds that plaintiff has pled substantial similarities between the two descriptions. Further, the Court finds that the similarities are protectable forms of expression. While "copyright law does not protect names, titles or short phrases or expressions," Alvantor has alleged more than just the copying of "short phrases or expressions." Oracle Am., Inc. v. Google Inc., 872 F. Supp. 2d 974, 984 (N.D. Cal. 2012), rev'd and remanded, 750 F.3d 1339 (Fed. Cir. 2014) (citing 37 C.F.R. 202 1(a)); see also Compl. at 5. In its complaint, Alvantor points to sentences and parts of paragraphs in defendant's description that are identical or substantially similar to Alvantor's Notice and Description. See Compl. at 5. As such, the Court finds Alvantor has sufficiently alleged facts to support a claim for copyright infringement.

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

### 3. Sum of Money at Stake in The Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, Alvantor seeks injunctive relief and damages in the amount of $27,009.27 and $7,000 in attorneys' fees. See Dkt. 33-1 ("Xu Decl.") ¶¶ 9-10; Rosenberg Decl. ¶ 13. Alvantor seeks damages based on defendant's profits under the Copyright Act." 17 U.S.C. § 504. Alvantor has submitted declarations laying out its alleged damages in the above amounts, based on evidence of defendant's gross sales revenue from Amazon. The Court finds that plaintiff has provided sufficient support that the compensatory damages it seeks are proportional to the harm defendant caused.

Accordingly, the fourth Eitel factor weighs in favor of entry of default judgment.

    4.    <u>Possibility of a Dispute Concerning a Material Fact</u>

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, Alvantor "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" Shenzen. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). The Court previously denied defendant's motion to dismiss, and defendant has failed to answer the complaint. "Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default [], there is no likelihood that any genuine issue of material fact exists." Elektra, 226 F.R.D. at 393.

Accordingly, the fifth factor weighs in favor of granting the motion for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

5. <u>Possibility of Excusable Neglect</u>

The sixth <u>Eitel</u> factor considers whether the defendant's default may have been the product of excusable neglect. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471–72.

Here, defendant initially participated in the case, by waiving service of the summons and complaint, obtaining an extension to respond to the complaint, and then filing a motion to dismiss. However, defendant later ceased its participation in the case after its motion to dismiss was denied. As such, the possibility of excusable neglect is remote. Defendant has been provided with notice and is therefore aware of the proceedings against it and has failed to answer the complaint or seek an extension. Defendant's answer to the complaint was due on September 13, 2021, over 7 months ago. Where a defendant "[is] properly served with the [c]omplaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. <u>Shanghai Automation Instrument Co. Ltd. v. Kuei</u>, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Accordingly, this factor favors entry of default judgment.

6. <u>Policy Favoring Decision on the Merits</u>

Under the seventh <u>Eitel</u> factor, the Court takes into account the strong policy favoring decisions on the merits. <u>See</u> <u>Eitel</u>, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (citation omitted). A party's failure to answer makes a decision on the merits impractical, if not impossible. <u>Id.</u> "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." <u>Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc.</u>, No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017).

Accordingly, this factor does not preclude entry of default judgment.

7. <u>Conclusion Regarding the Eitel Factors</u>

Apart from the policy favoring decisions on the merits, all the remaining <u>Eitel</u> factors weigh in favor of default judgment, including the merits of Alvantor's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (internal citations omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against Shenzen is appropriate.

### C. Relief Sought by Plaintiffs

"Federal Rule of Civil Procedure 55(b)(2) 'explicitly grants the district court wide latitude' in providing relief in a default judgment." Medline Indus., Inc. v. Gold Shield Medline Med. Supply, Inc., 2021 WL 4815032, at *5 (C.D. Cal. July 27, 2021) (quoting James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993)); Elektra, 226 F.R.D. at 394. Here, Alvantor seeks both a permanent injunction and monetary relief.

    1.    <u>Injunctive Relief</u>

The Court is authorized by the Copyright Act to grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 394 (2006). "Courts routinely grant such injunctions on motions for default judgment when a plaintiff meets the requirements of eBay." Medline, 2021 WL 4815032, at *6.

Here, the Court finds that Alvantor has suffered irreparable harm from defendant's conduct. During the hearing, counsel for Alvantor explained that defendant did not willingly stop selling the infringing product, but rather the infringing product was removed from Amazon's website because Alvantor filed this instant lawsuit, requiring Amazon to take down defendant's product in order to comply with the Digital Millennium Copyright Act. 17 U.S.C. §§ 512(c); 1201. As such, the Court finds that absent an injunction, defendant may continue copying Alvantor's product descriptions, causing irreparable injury to Alvantor not adequately compensable by monetary damages. Further, defendant's failure to appear after responding to Alvantor's complaint with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

motion to dismiss shows a willfulness to continue its infringing conduct.[1] See AK Futures LLC v. Smoke Tokes, LLC, 2021 WL 5359019, at *4 (C.D. Cal. Nov. 17, 2021) ("Defendant admits by its default that it continues to willfully infringe on [plaintiff's] copyrighted property, causing [plaintiff] ongoing and irreparable harm.") (quoting Brighton Collectibles, LLC v. IPPO Jewelry Corp., 2017 WL 7833608, at *4 (C.D. Cal. Feb. 22, 2017)); Tee Turtle, LLC v. Abmask, 2021 WL 5359607 at *2 (C.D. Cal. Nov. 17, 2021) ("Defendants have not appeared and therefore present no evidence rebutting the presumption of irreparable harm."). Further, the balance of hardships favors Alvantor because an injunction will simply require defendant to comply with the law, and the public interest will be served "by upholding rights under the Copyright Act." Tee Turtle, LLC, 2021 WL 5359607 at *2.

Accordingly, the Court finds Alvantor is entitled to the issuance of a permanent injunction that enjoins defendant from using, copying, creating derivative works, or otherwise infringing Alvantor's Description and Notice.

2.  Damages

Alvantor also seeks monetary damages. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

---

[1] During the hearing, counsel for Alvantor also explained that he cannot provide specific evidence that defendant has continued selling the infringing product, partially because defendant has not participated in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

Under 17 U.S.C. § 504, a plaintiff in a copyright infringement case is entitled to recover its actual damages, including profits of the infringer that are attributable to the copyright infringement. To recover defendant's profits, Alvantor is only required to present evidence of defendant's gross revenue. 17 U.S.C. § 504(b).

Here, Alvantor seeks to recover defendant's profits from its sales of portable gazebos earned by infringing on Alvantor's copyrighted Description and Notice. In the declaration of Ellen Xu, the CEO of Alvantor, Xu explains that Alvantor's requested damages are attributable to defendant's copyright infringement because "both Alvantor and [d]efendant sold their products on Amazon—at similar prices and to the same customers—and Amazon routinely displayed [d]efendant's product alongside Alvantor's product to customers," causing consumers to believe that Alvantor and defendant were selling the same products. Xu Decl. ¶ 10.

Xu's declaration further provides evidence of defendant's gross revenue: "Alvantor is able to obtain information about defendant's sales through a commercial research service called 'Seller Sprite' which tracks and collects sales by Amazon sellers." Xu Decl. ¶ 6. Xu's declaration cites to the report from Seller Sprite, noting that from December 2020 through March 2021, "defendant sold 72 of its portable gazebo products, at a cost of $369.99, for a total revenue of $27,009.27." Id. ¶ 9. Alvantor estimates, based on its understanding of the materials involved, that defendant's profit margin is about 75 percent. Id. Because under 17 U.S.C. § 504, a plaintiff is entitled to recover the infringer's profits, not total revenue, the Court finds it appropriate to reduce Alvantor's requested damages by 25 percent.

Accordingly, plaintiff's damages amount to $20,256.96, an amount which accurately reflects defendant's profits, rather than its gross revenue.

3.   <u>Attorneys' Fees</u>

Lastly, under 17 U.S.C. § 505, the Court may, in its discretion, award plaintiff its reasonable attorneys' fees and costs incurred in the action. The declaration of plaintiff's attorney, Mark J. Rosenberg, states that "the fees and costs incurred by Alvantor in litigating this action exceed $15,000.00. However, on this motion for default, Alvantor only seeks to recover $7,000.00 of its fees and costs." Rosenberg Decl. ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-01820-CAS (KSx) | Date | May 2, 2022 |
|---|---|---|---|
| Title | Alvantor Industry Co. LTD v. Shenzhen Shi Ou Wei Te Shang Mao You Xian Gong Si | | |

The Court notes that Local Rule 55-3 determines the schedule of attorneys' fees for a default judgment motion. "When a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees, those fees shall be calculated according to" Local Rule 55-3. L.R. 55-3. When the amount of judgment is between $10,000.01 - $50,000, the attorneys' fee award is $1200 plus 6 percent of the amount over $10,000. Here, Alvantor is entitled to $1,815.42 in attorneys' fees—$1,200 plus 6 percent of $10,256.96.

Accordingly, the Court finds that plaintiff is entitled to $1,815.42 in attorneys' fees.

## V. CONCLUSION

In accordance with the foregoing, the Court

(i) **GRANTS** plaintiff's motion for default judgment as to its copyright infringement claim;

(ii) **ORDERS** that judgment be entered against defendant, and that defendant be liable to plaintiff in the amount of **$20,256.96** in damages plus **$1,815.42** in attorneys' fees;

(iii) **ISSUES** a permanent injunction enjoining defendant from using, copying, creating derivative works, or otherwise infringing the Description and Notice

Plaintiff shall submit a Proposed Judgment in accordance with this order.

IT IS SO ORDERED.

| | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |